IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. _____ <br> ) |
| ZENARA PHARMA PRIVATE LIMITED, | ) <br> ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Otsuka Pharmaceutical Co., Ltd. ("Otsuka"), files this complaint for patent infringement against Defendant Zenara Pharma Private Limited ("Zenara" or "Defendant"), and, in support thereof, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent No. 8,501,730 ("the '730 Patent") and U.S. Patent No. 10,905,694 ("the '694 Patent") arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for a declaratory judgment of infringement of U.S. Patent No. 8,273,735 ("the '735 Patent") (collectively, the "Patents-in-Suit") under 35 U.S.C. § 100 *et seq.*, and 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of Zenara's submission of an Abbreviated New Drug Application ("ANDA") No. 220377 under § 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, offer for sale and sell in the United States, and/or import into the United States, tolvaptan tablets (15, 30, 45, 60, and 90 mg) ("Zenara's ANDA products") prior to the expiration of the Patents-in-Suit.

## PARTIES

3.  Otsuka is a corporation organized and existing under the laws of Japan with its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyoda-ku, Tokyo, 101-8535, Japan. Otsuka is engaged in the research, development, manufacture and sale of innovative pharmaceutical products.

4.  On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 83/B, 84, 87 to 96, Phase III, IDA Cherlapally, Hyderabad, Telangana, 500051, India.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.  This Court has personal jurisdiction over Zenara.

7.  Upon information and belief, Zenara is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products; directly or indirectly develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district; and has purposefully conducted and continues to conduct business in this judicial district and this judicial district is a likely destination of Zenara's ANDA products.

8.  Zenara's ANDA filing regarding the Patents-in-Suit relates to this litigation and is substantially connected with this judicial district because it reliably predicts Zenara's intent to market and sell Zenara's ANDA products in this judicial district.

9.  Zenara has taken the significant step of applying to the FDA for approval to engage in future activities, including the marketing of its generic drugs, which, upon information and

belief, will be purposefully directed at the District of Delaware and elsewhere throughout the United States. Upon information and belief, Zenara intends to direct sales of its generic drugs in this judicial district, among other places, once Zenara receives the requested FDA approval to market its generic products. Upon information and belief, Zenara will engage in marketing of its proposed generic products in Delaware upon approval of its ANDA.

10. This Court has personal jurisdiction over Zenara because it has availed itself of the legal protections of the State of Delaware by, among other things, conceding jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g., Astellas Pharma Inc. v. Cipla Limited*, C.A. No. 24-1333-GBW (D. Del. filed Dec. 6, 2024); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, C.A. No. 23-1340-JLH (D. Del. filed Nov. 21, 2023).

11. In the alternative, if Zenara's contacts with Delaware are insufficient to confer personal jurisdiction, upon information and belief, Zenara is not subject to jurisdiction of any state court of general jurisdiction, and this Court can exercise jurisdiction consistent with the United States Constitution and laws under Fed. R. Civ. P. 4(k)(2).

12. Venue is proper as to Zenara in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Zenara is incorporated in India and may be sued in any jurisdiction.

## OTSUKA'S JYNARQUE®

13. Otsuka is the holder of the New Drug Application ("NDA") No. 204441 for JYNARQUE® tablets in 15, 30, 45, 60, and 90 mg dosage forms ("JYNARQUE® tablets").

14. The FDA approved NDA No. 204441 on April 23, 2018.

15. JYNARQUE® tablets are prescription drugs used to slow kidney function decline in adults who are at risk for rapidly progressing autosomal dominant polycystic kidney disease ("ADPKD").

## THE PATENTS-IN-SUIT

16. The '730 Patent, entitled "Process for Preparing Benzazepine Compounds or Salts Thereof" was duly and legally issued on August 6, 2013. A true and correct copy of the '730 Patent is attached hereto as Exhibit A.

17. The '730 Patent claims compositions made by processes for preparing novel benzazepine compounds.

18. The '730 Patent is owned by Otsuka and is listed in *Approved Drug Products with Therapeutic Equivalents* (the "Orange Book") in connection with NDA No. 204441 for JYNARQUE® tablets.

19. According to the Orange Book, the '730 Patent expires on September 1, 2026.

20. The '694 Patent, entitled "Pharmaceutical Solid Preparation Comprising Benzazepines and Production Method Thereof," was duly and legally issued on February 2, 2021. A true and correct copy of the '694 Patent is attached hereto as Exhibit B.

21. The '694 Patent claims pharmaceutical solid preparations obtained by particular methods.

22. The '694 Patent is owned by Otsuka and is listed in the Orange Book in connection with NDA No. 204441 for JYNARQUE® tablets.

23. According to the Orange Book, the '694 Patent expires on April 7, 2030.

24. The '735 Patent, entitled "Process for Preparing Benzazepine Compounds or Salts Thereof" was duly and legally issued on September 25, 2012. A true and correct copy of the '735 Patent is attached hereto as Exhibit C.

25. The '735 Patent claims processes for preparing novel benzazepine compounds.

26. The '735 Patent is owned by Otsuka.

27. The '735 patent expires on August 14, 2028.

## ZENARA'S ANDA

28. Upon information and belief, Zenara submitted ANDA No. 220377 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, offer for sale or sale in the United States, or importation into the United States, of Zenara's ANDA products, which are generic versions of JYNARQUE®.

29. Upon information and belief, ANDA No. 220377 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certifications"), alleging that no valid, enforceable claim of the '730 Patent or the '694 Patent will be infringed by Zenara's ANDA products.

30. Otsuka received a letter sent by Zenara, which is dated January 6, 2026 but was received at a later date, purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 220377 ("Zenara's Notice Letter") pursuant to § 505(j)(2)(B) of the FDCA and 21 C.F.R. § 314.95. Zenara's Notice Letter notified Otsuka that Zenara had filed ANDA No. 220377, seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA products before the expiration of the Patents-in-Suit.

31. Otsuka commenced this action within 45 days of receipt of Zenara's Notice Letter.

## COUNT I

## INFRINGEMENT OF THE '730 PATENT

32. Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

33. Upon information and belief, Zenara submitted to the FDA ANDA No. 220377 seeking approval to commercially manufacture, use, offer to sell and/or sell Zenara's ANDA products in the United States, or import them into the United States, before the expiration of the

5

'730 Patent.

34. Upon information and belief, Zenara submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '730 Patent are invalid, unenforceable and/or not infringed.

35. Upon information and belief, in its ANDA No. 220377, Zenara has represented to the FDA that Zenara's ANDA products are pharmaceutically and therapeutically equivalent to Otsuka's JYNARQUE® tablets.

36. Zenara has actual knowledge of Otsuka's '730 Patent.

37. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zenara has infringed one or more claims of the '730 Patent, including at least claim 1, by submitting, or causing to be submitted, to the FDA ANDA No. 220377, seeking approval to commercially manufacture, use, offer to sell or sell Zenara's ANDA products, or import them into the United States, before the expiration date of the '730 Patent.

38. Upon information and belief, if ANDA No. 220377 is approved, Zenara intends to and will offer to sell, sell in the United States, or import into the United States, Zenara's ANDA products.

39. Upon information and belief, if ANDA No. 220377 is approved, Zenara will infringe one or more claims of the '730 Patent, including at least claim 1, under § 271(a), either literally or under the doctrine of equivalents, by commercially making, using, offering to sell, selling and/or importing Zenara's ANDA products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 220377 shall be no earlier than the expiration of the '730 Patent and any additional periods of exclusivity.

40. Otsuka will be irreparably harmed by Zenara's infringing activities unless this Court enjoins those activities.

41. Otsuka does not have an adequate remedy at law.

## COUNT II

## INFRINGEMENT OF THE '694 PATENT

42. Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

43. Upon information and belief, Zenara submitted to the FDA ANDA No. 220377 seeking approval to commercially manufacture, use, offer to sell and/or sell Zenara's ANDA products in the United States, or import them into the United States, before the expiration of the '694 Patent.

44. Upon information and belief, Zenara submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '694 Patent are invalid, unenforceable and/or not infringed.

45. Upon information and belief, in its ANDA No. 220377, Zenara has represented to the FDA that Zenara's ANDA products are pharmaceutically and therapeutically equivalent to Otsuka's JYNARQUE® tablets.

46. Zenara has actual knowledge of Otsuka's '694 Patent.

47. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zenara has infringed one or more claims of the '694 Patent, including at least claim 1, by submitting, or causing to be submitted, to the FDA ANDA No. 220377, seeking approval to commercially manufacture, use, offer to sell or sell Zenara's ANDA products, and/or import them into the United States, before the expiration date of the '694 Patent.

48. Upon information and belief, if ANDA No. 220377 is approved, Zenara intends to and will offer to sell and sell in the United States, and/or import into the United States, Zenara's ANDA products.

49. Upon information and belief, if ANDA No. 220377 is approved, Zenara will infringe one or more claims of the '694 Patent, including at least claim 1, under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Zenara's ANDA products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 220377 shall be no earlier than the expiration of the '694 Patent and any additional periods of exclusivity.

50. Otsuka will be irreparably harmed by Zenara's infringing activities unless this Court enjoins those activities.

51. Otsuka does not have an adequate remedy at law.

## COUNT III

### DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '735 PATENT UNDER 35 U.S.C. § 271(g)

52. Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

53. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Otsuka and Zenara regarding infringement of the '735 Patent.

54. Zenara has made and will continue to make substantial and meaningful preparations to import into the United States and/or to use, offer to sell, and/or sell within the United States a product which is made by a process patented by the '735 Patent prior to the expiration of that patent.

55. Zenara's actions, including, but not limited to, the filing of ANDA No. 220377 and systematically attempting to meet the applicable regulatory requirements for approval of ANDA No. 220377 indicate a refusal to change its course of action.

56. Upon information and belief, Zenara's importation into the United States and/or use, offer for sale, and/or sale in the United States of Zenara's ANDA products prior to the expiration of the '735 Patent would infringe at least claims 6-8 and 10 of the '735 Patent under 35 U.S.C. § 271(g).

57. Upon information and belief, Zenara had actual and constructive notice of the '735 Patent prior to the filing of ANDA No. 220377 seeking approval of Zenara's ANDA products.

58. Otsuka should be granted a judicial declaration that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of Zenara's ANDA products will constitute infringement of the '735 Patent under 35 U.S.C. § 271(g).

59. Otsuka will be irreparably harmed by Zenara's infringing activities unless this Court enjoins those activities.

60. Otsuka does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Otsuka respectfully requests the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Zenara has infringed at least one claim of each of the '730 Patent and the '694 Patent by Zenara's submission of ANDA No. 220377 to the FDA seeking approval to manufacture, use, offer to sell and/or sell Zenara's ANDA products in the United States, and/or import them into the United States, before the expiration of those patents;

B.   The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Zenara's making, using, offering to sell, selling or importation of Zenara's ANDA products before the expiration of the '730 Patent and the '694 Patent will infringe, actively induce infringement and/or contribute to the infringement of those patents under 35 U.S.C. § 271(a), (b) and/or (c);

C.   The issuance of an order that the effective date of any FDA approval of Zenara's ANDA products shall be no earlier than the expiration date of the '730 Patent and the '694 Patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.   The entry of a preliminary and permanent injunction, enjoining Zenara and all persons acting in concert with Zenara from commercially manufacturing, using, offering for sale or selling Zenara's ANDA products within the United States, or importing Zenara's ANDA products into the United States, until the expiration of the '730 Patent and the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.   The entry of a preliminary and permanent injunction, enjoining Zenara and all persons acting in concert with Zenara from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '730 Patent and the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.   The entry of judgment declaring that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of Zenara's ANDA products would constitute infringement of the '735 Patent by Zenara pursuant to 35 U.S.C. § 271(g);

G.   A judgement permanently enjoining Zenara and all persons acting in concert with Zenara from importing into the United States and/or using, offering to sell, or selling in the United States the Zenara ANDA products until after expiration of the '735 Patent;

H.   The issuance of a declaration that this is an exceptional case and an award to Otsuka

of its costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

  I. An award to Otsuka of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

  J. An award to Otsuka of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

John D. Murnane
Alicia A. Russo
Zachary L. Garrett
Stephen Krachie
Taskeen Aman
Jacqueline Zahn
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff
Otsuka Pharmaceutical Co., Ltd.*

February 19, 2026